UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL C. TOMASINI, | No.  2:18-cv-3020 MCE CKD P |
| Plaintiff, | |
| v. | ORDER |
| JESSICA DUNCAN, et al., | |
| Defendants. | |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983.  The California Department of Corrections and Rehabilitation (CDCR) moves to quash a subpoena served upon CDCR by plaintiff on September 21, 2021.  ECF No. 66.  Having reviewed the motion, plaintiff's opposition, the subpoena, and other relevant parts of the record, IT IS HEREBY ORDERED that the motion to quash is granted in part and denied in part as follows:

1. Granted with respect to request 1 in the subpoena except that CDCR shall, within 21 days, provide any documents to the court, for in camera review, concerning any meetings defendant may have had with "Supervisor Oania" regarding any interaction defendant may have had with plaintiff on March 3, 2018.  If there are no such records, CDCR shall so inform plaintiff and the court.

/////

      2. Granted with respect to request 2 in the subpoena except that CDCR shall, within 21 days, provide any documents to the court, for <u>in camera</u> review, concerning any meetings plaintiff may have had with "Supervisor Oania" concerning plaintiff's interaction with defendant on March 3, 2018.  If there are no such records, CDCR shall so inform plaintiff and the court.

      3. Granted with respect to request 3 in the subpoena except that CDCR shall, within 21 days, provide any documents to the court, for <u>in camera</u> review, concerning the identity of the correctional officer working in the C-clinic at Mule Creek State Prion on March 3, 2018 between 8:00 a.m. and 12:00 p.m. and any documents concerning the correctional officer's involvement with plaintiff on that day.   If there are no such records, CDCR shall so inform plaintiff and the court.

      4. Granted with respect to request 4.  Nothing suggests that the "crash course anatomy" video sought by plaintiff would be admissible into evidence, nor is there anything unique to the video that would particularly lead to the discovery of admissible evidence.  <u>See</u> Fed. R. Civ. P. 26(b).

      5. Defendant may redact any personally identifiable information such as birthdays, Social Security numbers, home addresses and telephone numbers from the documents provided.

Dated:  February 24, 2021

_/s/ Carolyn K. Delaney_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

1
toma3020.mtq(2)

2